Nasii, C. J.
 

 "We can see no essential difference between this case and that of
 
 Grandy
 
 v.
 
 McCleese,
 
 decided at the June Term, 1855, of this Court, (2 J ones’ Rep. 112.) The facts in the two cases are- substantially the same, and the' principle there declared is identical with that which must govern this. Each was a simple contract, not evidenced by deed, for the future delivery of corn,- and in each, when the corn was demanded by the plaintiff’s agent, the agent had not the money, agreed on as the price, to pay for it. In McOleese’s case tire Court decide that, “ the contract was simply an executory one; the legal effect of which was to bind the parties to concurrent acts. The plaintiff was to send for the corn and to pay for it on delivery, and the defendant was to deliver it on receiving payment.” The contract in that ease was not reduced to writing; in the one we are now considering, it was, and in the hand writing of the plaintiff; in which he states “ cash on delivery.” Now it is admitted that neither at the time when the first demand was made, nor on the day following, when the vessel of the plaintiff came to Little River Bridge, where the corn was to be delivered, and where the corn was again demanded, was the agent furnished with the money to pay for
 
 *11
 
 tlie corn. Neither demand, therefore, was sufficient to put the defendant in the wrong.
 

 In the argument before us it was urged, -in behalf of the plaintiff, that there was an essential difference between the contract in the case of McCIeese and the one in this case:— that the former was
 
 executory
 
 and the latter executed. Justice Blackstone, in the 2nd vol. of his Commentaries, page 443, says,
 
 “
 
 a contract may also be executed; as if A agrees to change horses with B, and they do it immediately; in which case the possession and the right are transferred together ; or it may be executory, as if they agree to change next week; here the right only vests, and their reciprocal property in each other’s horse is not in possession but in action ; for a contract executed conveys a chose in possession; a contract executory only a chose in action.” If this were an executed contract, then the legal title to the corn passed to the plaintiff, and he could have maintained trover for it, which we presume would not be pretended.
 

 The declaration of the defendant, that he would not deliver the corn, put it into the power of the plaintiff to rescind the-contract; but could not discharge him, if he still claimed its-performance by the defendant, from showing, when he did' demand it at Little River Bridge, that he was ready to pay for the corn, or from making a tender of the money.
 

 There is error in the charge of the Court, that if the jury believed the evidence, the plaintiff was entitled to their verdict.
 

 Per Curiam:.
 

 Judgment reversed and
 
 a venire d& novo
 
 awarded.